IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT BRYANT, JR., #01419907, § | |
|     PETITIONER, § | |
| § | |
| V. § | CIVIL CASE NO. 3:20-CV-1907-S-BK |
| § | |
| DIRECTOR, TDCJ-CID, § | |
|     RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Robert Bryant's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons outlined here, the petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[1]

**I. BACKGROUND**

In February 2006, following Bryant's guilty plea to aggravated sexual assault of a child, the trial court deferred the adjudication of his guilt and placed him on ten years' community supervision (probation). *State v. Bryant*, Nos. F0373675 and F0373676, *Order of Deferred Adjudication; Community Supervision* (Crim. Dist. Ct. No. 7, Dallas Cnty. Feb. 21, 2006).[2]

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").
[2] The state trial court's docket sheets are available by entering the case numbers (F0373675 and F0373676) at https://www.dallascounty.org/services/public-access.php (last accessed on February 4, 2022).

Subsequently, the State moved to adjudicate Bryant's guilt, and he pled true to the violations alleged in the State's motion. On February 1, 2007, the trial court adjudicated Bryant's guilt and sentenced him to 75 years' imprisonment. *Id.*, *J. Adjudicating Guilt*. The Fifth District Court of Appeals affirmed his conviction and sentence. *Bryant v. State*, Nos. 05-07-00324-CR, 05-07-00325-CR, 2008 WL 1850775, at *1 (Tex. App.—Dallas, Apr. 8, 2008, pet ref'd). On March 3, 2009, and again on July 19, 2019, Bryant unsuccessfully sought state habeas relief pursuant to TEX. CODE OF CRIM. PROC. Article 11.07. *Ex parte Bryant*, No. 72,112-01 and -02 (Tex. Crim. App. June 10, 2009) (denying habeas relief); *Ex parte Bryant*, No. WR-72,112-03 (Tex. Crim. App. Apr. 29, 2020) (dismissing successive habeas application).[3]

On July 20, 2020, Bryant filed this federal habeas petition, challenging only his conviction in Cause No. F0373675. Doc. 3 at 1. He attacks his guilty plea, sentence of deferred adjudication, and the revocation proceeding, based on newly discovered evidence—specifically military medical records detailing that he was mentally unstable and had been prescribed antipsychotic medication. Doc. 3 at 6-7; Doc. 3 at 32-33, 42, 48. Bryant raises four grounds: (1) his counsel was ineffective for failing to investigate his "mental military history," although Bryant told counsel that he suffered from post-traumatic stress disorder (PTSD), (2) his guilty plea was involuntary because counsel and the court failed to sufficiently admonish him about the range of punishment, (3) his counsel was ineffective during the revocation proceeding, and (4)

---

[3] The Court obtained an electronic copy of the state habeas records from the Texas Court of Criminal Appeals (TCCA). The state habeas docket sheets is available on the TCCA's website at https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (last accessed on February 4, 2022). Also, an electronic copy of the second state habeas record is available on the Dallas County website by entering the case number (W0373675B) and clicking on "Clerk's Record – 11.07"  https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed on February 4, 2022).

the trial court abused its discretion in not having Bryant examined by a psychiatrist. Doc. 3 at 6-7.

As his federal petition appeared untimely, the Court directed Bryant to respond regarding the application of the one-year limitations period, which he has since done. Doc. 22; Doc. 23; Doc. 24; Doc. 25; *see also* Doc. 21 (granting additional extension of time to respond). Having now reviewed all applicable pleadings, the Court concludes that Bryant's federal habeas petition was filed well after the expiration of the one-year limitations period. And because no exception applies, it should be dismissed as time barred.

## II. ANALYSIS

### A. One-Year Statute of Limitations and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Bryant does not allege any facts that could trigger a starting date under § 2244(d)(1)(B)-(C). So his one-year limitations period began to run from the later of either (A) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" or (D) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(A) and (D).

### 1. Section 2244(d)(1)(A)

In the case of deferred adjudications, two limitations periods apply under § 2244(d)(1)(A)—one for claims relating to the order of deferred adjudication and the other for claims relating to the adjudication of guilt. *Tharpe v. Thaler*, 628 F.3d 719, 723-25 (5th Cir. 2010). Bryant's petition raises claims that relate to both. The limitations period is thus counted from the the latter of the revocation or adjudication date. Bryant's conviction upon adjudication became final on December 30, 2008—90 days after the Texas Court of Criminal Appeals refused his petition for discretionary review on October 1, 2008. *See Bryant*, 2008 WL 1850775 Sup. Ct. R. 13(1) and (3); *Clay v. United States*, 537 U.S. 522, 528 n. 3 (2003). Thus, his federal petition was due on or before December 30, 2009, absent any tolling.

The one-year period is statutorily tolled for the time that a properly filed application for state collateral relief is pending. 28 U.S.C. § 2244(d)(2). Bryant's first state application pended for 111 days: from filing on February 19, 2009,[4] through its denial on June 10, 2009. *See In re Bryant*, WR-72,112-01, at 1, 16. Thus, the pendency of that application extended the one-year period to April 20, 2010. However, because Bryant did not sign his second application until July 8, 2019, more than nine years after the limitations period expired, he is not entitled to statutory tolling and the one-year period elapsed on April 20, 2010. *See In re Bryant*, WR-72,112-03, at

---

[4] The first application is deemed filed on February 19, 2009, the date on which Bryant indicated it was signed and, therefore, likely it was also handed to prison officials for mailing. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas applications).

27; *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Consequently, the petition *sub judice*, filed on July 7, 2020—over ten years later—is clearly outside the one-year limitations period.[5]

### 2. 2244(d)(1)(D)

To excuse his delay, Bryant relies on newly discovered evidence that he claims he "found" on April 12 and August 30, 2018; to-wit, military medical records showing that he was prescribed antipsychotic medications. Doc. 3 at 32-33. Bryant contends his trial and appellate counsel were both ineffective for inadequately investigating his mental history and listening to him. Doc. 3 at 33. He avers that his trial counsel "refused to investigate" despite knowing of Bryant's problems and PTSD. Likewise, his appellate counsel did not sufficiently review the trial records, specifically those portions where Bryant told the judge about his prescription medications. Doc. 3 at 33. However, insofar as Bryant relies on 28 U.S.C. § 2244(d)(1)(D) to trigger a later starting date of the one-year limitations period, he fails to make the requisite showing.

Under § 2244(d)(1)(D), the limitations period begins running from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." It is well established that this "means the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim." *Osborne v. Hall*, 934 F.3d 428, 432 (5th Cir. 2019) (quotations and quoted case omitted).

---

[5] The federal petition is deemed filed on July 7, 2020, the date Bryant certifies placing it in the prison mail system. Doc. 3 at 10; *see* Rule 3(d) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("mailbox rule" is applicable to inmates who use the prison's internal mailing system).

The factual predicate for Bryant's ineffective assistance claims—that counsel failed to investigate his mental history while he was in the military—was available to him immediately after he was convicted. In his direct appeal, Bryant expansively argued trial counsel's ineffective assistance at the adjudication proceeding, contending he failed to "investigate mitigating evidence of [his] mental health." *Bryant v. State*, 2008 WL 1850775, *4. Bryant presented similar claims in the first state habeas application. He argued that his plea was involuntary because he suffered from "severe psychiatric problems that counsel failed to address." *In re Bryant*, WR-72,112-01, at 14. Also, he alleged that he (1) suffered from PTSD, (2) was taking psychiatric medications, and (3) had been discharged from the Army due to his mental illness. *Id.* Further, Bryant asserted counsel rendered ineffective assistance at the adjudication proceeding by failing to investigate his "competency issues" and "mental state." *Id.* at 13. And he reiterated that counsel knew he was taking psychotic medications and had been discharged from the Army, and that the Veterans Administration (VA) had diagnosed him as suffering from PTSD. *Id.*

Even assuming Bryant did not have access to his VA medical records until 2018, the limitations period is not based on when he first received his VA medical records. Rather § 2244(d)(1)(D) focuses on the factual predicate of the claim—trial counsel's purported ineffective assistance in failing to investigate Bryant's mental health while he was in the military—not the discovery of the legal theory or the legal significance of the facts supporting his claims. *See Osborne*, 934 F.3d at 432 (stating one-year clock commences on "the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim[]"); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (rejecting prisoner's assertion that the one-year period begins when he "actually understands

what legal theories are available"). *See also Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) (it is well established that § 2244(d)(1)(D) does not "convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim.").

On this record, the Court concludes that Bryant could have discovered the factual predicate of his ineffective assistance claim—with due diligence—when the judgment was entered or at least by the time his conviction became final. Indeed, his lack of possession of the VA medical records did not prevent him from pursuing relief through his first state habeas petition. Thus, Bryant's contention that the one year statute of limitations did not begin until August 30, 2018, when he eventually receive the VA medical records, is without merit.

### B. Equitable Tolling

Bryant's filings, even when liberally construed in light of his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is appropriate only where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* Notably, "the extraordinary circumstances . . . must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (quotations and quoted case omitted). Moreover, equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). It is well established that unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)

("Equity is not intended for those who sleep on their rights." (quotation and quoted case omitted)).

Furthermore, this is not a case in which Bryant pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). Although he timely filed his first state habeas application, he waited more than ten years to file his second application. Following the dismissal of that application, Bryant delayed in mailing this federal petition for two more months. Bryant's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (per curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Bryant's assertions that he is entitled to equitable tolling because he has suffered from a "mental illness" since the early 1980s, when he was discharged honorably from the military, are also unavailing. While mental illness may support equitable tolling of the limitations period, *see Fisher*, 174 F.3d at 715, it does not do so as a matter of course, and the petitioner still bears the burden of proving rare and exceptional circumstances. *Smith v. Kelly*, 301 F. App'x 375, 378 (5th Cir. 2008) (per curiam). Unsupported, conclusory assertions of mental illness are insufficient to support equitable tolling. *Id.* Moreover, the mental illness must render the petitioner "unable to pursue his legal rights during" the relevant time period. *Id.; see also Hulsey v. Thaler*, 421 F. App'x 386, 391 (5th Cir. 2011) (per curiam) (affirming denial of equitable tolling based on mental condition where petitioner was stable and capable of filing his petition for a period that lasted over one year).

Here, Bryant has proffered nothing to demonstrate that, during the one-year period—from 2008 through 2009—he suffered from a mental illness that prevented him from pursing his legal rights. As noted previously, he promptly filed his first state habeas application, despite his previous mental health diagnoses and treatment. There is nothing in the record, apart from his self-serving assertions, to suggest that his condition later rendered him unable to pursue his legal rights with respect to timely filing his federal habeas petition. *See Crawford v. Davis*, No. 3:18-CV-1486-B-BK, 2018 WL 7078540, at *2 (N.D. Tex. Dec. 27, 2018), R. & R. accepted, 2019 WL 266886 (N.D. Tex. Jan. 18, 2019) (collecting cases declining equitable tolling based on vague, unsupported, self-serving, allegations that mental health issues prevented the petitioner from seeking habeas relief during the one-year period).

Consequently, Bryant also has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### III.   CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

**SO RECOMMENDED** on February 8, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).